[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this dissolution action were married in CT Page 3257 Branford, Connecticut, on May 19, 1985 and separated in January 1989. There are two children who are legal issue of the marriage: John Matthew Frione, born November 28, 1985 and Samantha Leigh Frione, born December 3, 1987.
The court has jurisdiction in that both parties lived continuously in the state for at least one year immediately prior to the commencement of this action.
The marriage has broken down irretrievably and there is no prospect of reconciliation.
A decree of dissolution of the marriage shall enter. In acting on the parties' requests as to a property division and alimony, the court must be guided by the following considerations, as set forth in 46b-81 and 82 C.G.S.:
 ". . . the length of the marriage, the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties."
Having weighed the evidence in light of all the statutory considerations, the court further orders as follows:
1. In accordance with the agreement of the parties and upon their assurance that they will make their best efforts to behave civilly in the transactions necessary for such custody, the parties shall have joint legal custody of the minor children. The plaintiff shall have physical custody and the defendant shall have reasonable visitation. That visitation shall include Saturdays during the plaintiff's working hours unless otherwise agreed by the parties.
2. The defendant shall pay child support in the amount of $150.00 per week as to each of the two children until age eighteen. This order shall be subject to an immediate wage execution.
3. The defendant shall maintain for the benefit of the plaintiff and minor children such medical and dental insurance as is available to him through his employment, including such insurance available by operation of statute at his expense. Any uninsured or unreimbursed expenses for medical, psychological or dental care shall be the equal responsibility of the parties, subject to 46b-84c C.G.S.
4. The plaintiff is returning to her work as a car salesperson, an occupation at which she earned approximately CT Page 3258 $34,000 in 1987. The position to which she has been hired pays $15,000 per year, and it is unascertainable at this time how much more she will earn in commissions. In order to return to employment, the plaintiff will incur costs for child care in the amount of $126.00 per week, assuming that the defendant provides child care on Saturdays.
The defendant shall pay the plaintiff alimony in the amount of $80.00 per week until the first of the following events occur:
 a. the plaintiff's net income increases to a gross amount of $615.00 per week; b. the plaintiff dies; c. the plaintiff remarries; d. the marital residence is sold and the plaintiff receives her share of the proceeds.
5. The marital residence shall be sold and the first mortgage and $25,000 loan from the equity line shall be paid from the proceeds. The plaintiff contributed the down payment for the purchase of the parties' first home in 1985, however the defendant paid the mortgage payments on the first and subsequent home during periods when the plaintiff was not employed. The defendant has incurred debts in paying the mortgage pendente lite. Having taken into consideration the various contributions of the parties and all of the statutory factors, the court orders that upon the sale of the residence, the plaintiff shall receive fifty-five percent of the proceeds and the defendant shall receive forty-five percent of the proceeds after payment of the expenses of sale.
In the event that the plaintiff wishes to purchase the house, she may do so by January 30, 1991. The sale shall be at a price to which the parties agree or which is established by an appraiser selected by mutual agreement of the parties, with the plaintiff paying the defendant his share to be determined in the same manner and in the same percentages as are set forth above with regard to sale to a third party.
6. Until such time as the marital residence is sold, the parties shall be equally responsible for making payments as to the mortgage, interest on the equity line loan, homeowners' insurance and real estate taxes. Either may encumber the equity solely in order to raise funds to pay him or her share of such expenses, however any such encumbrance shall be deducted from the encumbering party's share of the distribution at the time of sale.
7. The parties shall be solely responsible for the liabilities listed on their respective financial affidavits and shall hold each other harmless as to those debts. CT Page 3259
8. The 1987 Mercury Sable shall be the property of the plaintiff and the 1986 Oldsmobile Cutlass shall be the property of the defendant. The parties shall take all steps necessary to transfer titles and registrations in accordance with this order.
9. The plaintiff shall retain the household furnishings and personal property.
10. The plaintiff's maiden name, Devon Delaney, shall be restored to her.
11. The parties shall be responsible for their own counsel fees.
BEVERLY J. HODGSON, Judge